MORIAL, Judge.
This suit involves a coneursus proceeding in which the right to $6,000.00 realized as part of the proceeds from the sale of a residence located at 2101 Fifteenth Street, Kenner, is being disputed by defendants Juanita Faul Buccola and her former husband John J. Buccola.
The Buceólas were legally separated on December 27, 1973. They planned to sell the former family residence in which Mrs. Buceóla continued to live while showing it *344 to prospective purchasers. On October 11, 1974 Mr. Buceóla signed a written stipulation wherein he agreed in consideration for a cash payment of $9,000.00 to transfer his rights to and in the house to Mrs. Buceóla. He also agreed to participate in any act of sale of the property. Mr. Buceóla accepted the $9,000.00 check of Mrs. Buceóla. In late October Mrs. Buceóla entered into an agreement to sell the house to a Mr. Theodore Flettrich, Jr., for $42,000.00. On November 6, 1974 the act of sale was executed by Mr. and Mrs. Buceóla conveying the property to the Flettriches. At the time of the sale there was a first mortgage on the property in the amount of $12,000.00. Prior to the execution of the act of sale, Mr. Buceóla claimed he was entitled to one-half the equity in the house and refused to sign the act until Mrs. Buceóla agreed to pay him $6,000.00 in addition to the $9,000.00 he had previously received. Mrs. Buceóla refused and Mr. Buceóla finally agreed to sign the act of sale on the condition that $6,000.00 of the proceeds of the sale be placed in the registry of the court until the right to the money was judicially determined.
The issues presented to the court are (1) whether or not Mrs. Buceóla fraudulently deprived her former husband of his community property rights; (2) whether or not a condition contained in paragraph (a) of the stipulation suspended the operation of the agreement until the Buceóla divorce became final; (3) whether or not the parties contracted under an error of law which nullified their agreement; and (4) whether or not Mrs. Buceóla is entitled to damages suffered as a result of Mr. Buceóla filing a frivolous appeal.
Mr. Buceóla contends that his wife defrauded him of his rights in the community property by inducing him to sign the October 11 stipulation without informing him that an agreement to sell the house had been made. He also argues that the stipulation is void due to the couple’s mistaken belief concerning their ability to make a transfer of the property prior to a final judgment of divorce.
Mr. Buceóla argues that the crux of his case is that the operation of the agreement was subject to the suspensive condition that the property would not be transferred until the couple received a judgment of divorce.
Mrs. Buceóla argues that when the agreement is read as a whole, it is clear Mr. Buceóla sold his interest to her at the time he signed the stipulation and that the community was completely settled. She also argues that her husband failed to present any evidence of fraudulent conduct on her part. She asks for damages for interest lost on the $6,000.00 attorney’s fees and for mental anguish suffered.
The district court concluded that Mrs. Buceóla did not enter into the agreement to sell the house until almost a month after the October 11 stipulation was signed. The court did not find any evidence of fraud on the part of Mrs. Buceóla nor that the sus-pensive condition applied to the circumstances of the case.
John Buceóla signed the following stipulation on October 11, 1974:
>fr jf: ‡ jfc *
I.
“In consideration of the sum of Nine Thousand and no/100 ($9,000.00) DOLLARS cash, receipt of which is hereby acknowledged by John J. Buceóla, the said John J. Buceóla does hereby stipulate and agree as follows:
“(a) Upon the issuance of a final judgment of divorce between the said John J. Buceóla and his wife, Juanita Buceóla, by a Court of competent jurisdiction, John J. Buceóla shall transfer, convey and release unto the said Juanita Buceóla all right, title and interest which he presently has or may have in the following described property:
That immovable property located in Square 15A, Lots 34, 35 and 36, Kenner Heights Subdivision, Jefferson Parish, Louisiana, said lots measuring a combined total of 60' front by a depth of 150' between equal and parallel lines and which immovable property bears Municipal Number 2102 15th Street, Kenner, Louisiana, and all improvements thereon.
*345 “(b) John J. Buceóla further stipulates and agrees that the said Juanita Buceóla, as well as any of her heirs and assigns, shall henceforth be entitled to any and all insurance proceeds relating to the above described real estate as well as any and all funds or payments which may in the future be made for the sale or exchange of the above described immovable property-
“(c) John J. Buceóla further stipulates and agrees to join in and consent to any Act of Sale of the aforesaid immovable property at the request of the said Juanita Buceóla and in the event of his demise, the said John J. Buceóla hereby renounces any and all claims, title and interest of every nature whatsoever which he and/or his estate have or may have in the aforesaid immovable property.
“(d) The said John J. Buceóla also stipulates and agrees that in the event of the death of the aforesaid Juanita Buceóla any and all right, title and interest which the said John J. Buceóla has or may have to the above described immovable property shall belong to the then living heirs of the said Juanita Buceóla.”
ifc J}S ifc S}i 5ft
Section (b) clearly provides that Mr. Buceóla agreed that Juanita Buceóla “shall henceforth be entitled to * * * any and all funds or payment which may in the future be made for the sale or exchange of the above described immovable” property. Mr. Buceóla acknowledged the immediate operation of the agreement by implication in accepting the $9,000.00. We do find that the agreement contained a suspensive condition. See LSA-R.C.C. Articles 2021, 2043 and 2044. He cannot now complain because his wife subsequently made a considerable profit on the sale of the house.
We also reject Mr. Buccola’s contention that he was defrauded of his rights by his wife. The preponderance of the evidence supports the district court’s conclusion that the final negotiations and perfection of the sale did not occur until the latter part of October. Mrs. Buccola stated firmly that she had bought her husband’s interest in the property prior to reaching an agreement to sell. The buyer, Mr. Flett-rich, could not remember the date of the final negotiations but testified that he had immediately requested his lawyer, Mr. Quinlivan to draw up the act of sale. Mr. Quinlivan testified that Mr. Flettrich contracted him on October 23 or 24 to draw up the final act of sale. Mr. Quinlivan had drawn up an earlier act of sale form but it was never signed by the parties. There is no evidence that Mrs. Buceóla was aware of the act of sale prepared in early October. We conclude that Mr. Buceóla failed to prove any fraudulent conduct on the part of his former wife.
We do not find that the parties to the agreement acted under such an error of law which would invalidate the contract. LSA-R.C.C. Article 1846 provides that an error or law invalidates a contract where such error is its only or principal cause. The “cause” of this stipulation was to settle the remainder of the community property. The couple no longer desired to own the property in indivisión. Mrs. Buceóla was of the opinion that the stipulation once signed, constituted a final settlement. Mr. Buceóla admitted that if his wife had received money from rental of the apartment rather than from a sale, prior to the divorce he would not have objected. Suspension of the agreement until the divorce was final was not the principal cause of the contract. Therefore, the legal misconception the Buccolas acted under was not sufficient to nullify the contract pursuant to LSA-R.C.C. Article 1846. See Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967).
This case is not appropriate for damages for a frivolous appeal.
The judgment of the trial court is affirmed.

AFFIRMED.